```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMES HUMPF,


                        Plaintiff,

        -against-

MINDICH ENTERPRISES INC. D/B/A
MINDA SUPPLY COMPANY, and
DAVID H. MINDICH, in his individual
and official capacity,

                        Defendants.
----------------------------------------------------------X
```

For Online Publication Only

**ORDER**
16-CV-2877 (JMA) (AYS)

**APPEARANCES:**

>David H. Rosenberg
>405 RXR Plaza
>Uniondale, NY 11556
>>*Attorney for Plaintiffs*

>Richard M. Rosa, Esq.
>Jeremy B. Stein, Esq.
>Hartmann, Doherty, Rosa, Berman & Bulbulia LLC
>666 Fifth Avenue, 28th Floor
>New York, NY 10103

>>*Attorneys for Defendants*

**AZRACK, United States District Judge:**

Plaintiff James Humpf filed this action against defendants Mindich Enterprises, Inc. d/b/a Minda Supply Company ("Minda"), and David Mindich alleging fraudulent inducement and violations of the New York Labor Law ("NYLL").  Defendants have moved to dismiss based on a forum selection clause contained in an agreement between the parties.  For the reasons stated below, defendants' motion to dismiss is granted.

1

## I. BACKGROUND

Minda sells dry cleaning chemicals and is headquartered in New Jersey. (Compl. ¶ 3.) From 1998 through 2005, plaintiff was a salesman at Minda. (Id. ¶ 8.) From July 2008 through November 2008, plaintiff worked as a salesman for one of Minda's competitors. (Id. ¶ 9.) In December 2008, plaintiff returned to Minda. (Id. ¶ 10.) On December 1, 2008, plaintiff and Minda executed a formal "Employment Agreement." (Employment Agreement, Compl. Ex. 2.) The Employment Agreement contains a choice-of-law and forum selection clause, which states:

> a.   This Agreement shall be deemed entered into in the State of New Jersey and shall be construed and governed solely by the laws of said State.
>
> b.   The parties hereto shall restrict themselves exclusively to the jurisdiction of the courts within the State of New Jersey for <u>any controversy</u> between them <u>and arising out of this Agreement</u>.

(Employment Agreement ¶ 7 (emphasis added).) The Employment Agreement also contains non-compete and non-solicitation restrictive covenants, and a jury trial waiver for any matters "arising out of this Agreement." (Id. ¶ 13.)

In November 2008, prior to the execution of the Employment Agreement, Mindich orally promised plaintiff that he would receive all of the accounts of another employee, Al Cella, upon Cella's retirement. (Id. ¶¶ 2, 12–13.) Upon Cella's retirement in 2014, plaintiff did not receive all of Cella's accounts. (Id. ¶¶ 2; 14.)

After plaintiff resigned from Minda in August 2015, he brought the instant action. Plaintiff alleges, in his first cause of action, that he was fraudulently induced to leave his prior position and enter into the Employment Agreement based on Mindich's oral promise. (Id. ¶¶ 2, 27.) Plaintiff alleges, in his second cause of action, that Minda violated the NYLL because it did not pay him all of his earned commissions and failed to fully reimburse him for his expenses. (Id. ¶¶ 29–52.)

2

Defendants have moved to dismiss plaintiff's complaint on the ground that the Employment Agreement's forum selection clause required plaintiff to bring his claims in New Jersey. Defendants also ask the Court to strike plaintiff's jury demand. Defendants also argue, in the alternative, that plaintiff has failed to plausibly plead a claim of fraudulent inducement.

## II. DISCUSSION

### A. Standard for Analyzing Forum Selection Clauses

Courts apply a four-part analysis in determining whether to dismiss a claim based on a forum selection clause:

> At the first three steps, a court asks (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory, i.e., whether the parties are required to bring any dispute to the designated forum; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause. If the answer to all three questions is yes, the clause is "presumptively enforceable." Phillips v. Audio Active Ltd., 494 F.3d 378, 383 (2d Cir. 2007). At the final step, a court asks (4) whether the resisting party has rebutted that presumption by making "a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" Id. at 383–84 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).

Donnay USA Ltd. v. Donnay Int'l S.A., --- F. App.'x ---, No. 16-3067-CV, 2017 WL 3635515, at *1 (2d Cir. Aug. 24, 2017). Here, only the third step in the analysis is in dispute—namely, whether the forum selection clause covers plaintiff's fraudulent inducement and NYLL claim.

### B. Parties' Arguments

Again, the forum selection clause states that the parties "shall restrict themselves exclusively to the jurisdiction of the courts within the State of New Jersey for any controversy between them and arising out of this Agreement." (Employment Agreement ¶ 7 (emphasis added.) The parties' dispute centers on whether plaintiff's claims "aris[e] out of" the Employment Agreement.

3

Defendants argue that under New Jersey law, which defendants assert governs the interpretation of the forum selection clause, both of plaintiff's claims arise out of the Employment Agreement. Defendants also argue that even under federal precedent interpreting the term "arises out of" in forum selection clauses, plaintiff's claims are covered by the clause. In opposing defendant's motion, plaintiff asserts that under federal precedent—specifically Phillips v. Audio Active Ltd., 494 F.3d 378 (2d Cir. 2007)—his claims do not "arise out of" the Employment Agreement and, instead, merely "relate" to the agreement.

As explained below, the Court finds that New Jersey law governs the interpretation of the forum selection clause and that plaintiff's claims "aris[e] out of" the Employment Agreement under New Jersey law, and, thus, are covered by the forum selection clause. Moreover, even when analyzed under the federal precedent cited by plaintiff, the result is the same.

## C. The Law Governing the Interpretation of the Forum Selection Clause

### 1. Standard for Determining What Law Applies

When a forum selection clause is contained in a contract that specifies that the interpretation of the contract is governed by the law of a specific jurisdiction, the court must apply that jurisdiction's law in determining whether the specific language used in forum selection encompasses a particular claim. Martinez v. Bloomberg LP, 740 F.3d 211, 218 (2d Cir. 2014).

Here, the Employment Agreement specifies that it is governed by New Jersey law. Accordingly, New Jersey law governs whether the forum selection clause encompasses plaintiff's claims.

Plaintiff argues that the Court should, instead, look to federal precedent. In certain instances, federal courts, rather than looking to the specific interpretative law specified by the contract, have turned to "general contract law principles and federal precedent to discern the

4

meaning and scope of" forum selection clauses. Martinez, 740 F.3d at 223 (quoting Phillips, 494 F.3d at 386). This has occurred for two reasons. First, federal courts have been neither clear nor uniform in their decisions concerning what law governs the interpretation of forum selection clauses. Id. at 222 ("We do not identify as clear a prevailing approach on the question of what law governs the <u>interpretation</u> of forum selection clauses. In part, this derives from courts' tendency to blur the distinction between enforceability and interpretation.") (emphasis in original). This issue was not definitively settled in the Second Circuit until Martinez. Second, if the parties do not cite to the law of a specific jurisdiction in arguing over the interpretation of a forum selection clause and instead cite generally to federal precedent, courts will apply that precedent in conjunction with "general contract law principles." See Martinez, 740 F.3d at 223 (collecting cases); Phillips, 494 F.3d at 386.

Although New Jersey law governs the interpretation of the Employment Agreement's forum selection clause, as explained below, the result is the same even under the federal precedent cited by plaintiff.

**2. New Jersey Law**

Neither party has cited any decisions interpreting, under New Jersey law, the term "arising out of" in the context of a forum selection clause. Defendants, however, cite to New Jersey cases that interpret the term "arising out of" in insurance policies to mean "conduct 'originating from,' 'growing out of' or having a 'substantial nexus' with the activity for which coverage is provided." Am. Motorists Ins. Co. v. L-C-A Sales Co., 155 N.J. 29, 35, 713 A.2d 1007, 1010 (1998); see also Flomerfelt v. Cardiello, 202 N.J. 432, 452 (2010) ("[The phrase 'arising out of'] has been read expansively to define the link between the conduct and the covered activity as 'originating from,' 'growing out of' or having a 'substantial nexus.'") (quoting Am. Motorists Ins. Co., 155 N.J. at

5

35).  Plaintiff cites to no New Jersey precedent and, instead, argues that the cases cited by defendants should be disregarded because they do not involve forum selection clauses.

The Court concludes that the definition of "arising out of" set out in these insurance cases also applies in the forum selection clause context.  Thus, the Court must consider whether plaintiff's claims "'originat[e] from,' 'grow[] out of' or hav[e] a 'substantial nexus' with" the Employment Agreement.  Before engaging in that analysis for each of plaintiff's claims, the Court will first set out how the federal precedent cited by plaintiff has interpreted the phrase "arising out of" forum selection clauses.

### 3. Federal Precedent

In arguing that his claims are not covered by the forum selection clause, plaintiff relies on Phillips v. Audio Active Ltd., 494 F.3d 378, 386 (2d Cir. 2007).  In Phillips, the Second Circuit, applying general contract law and federal precedent, interpreted a forum selection clause that stated that "any legal proceedings that may arise out of [this agreement] are to be brought in England."  Id. at 283.  The Second Circuit held that this language did not cover the plaintiff's federal copyright claims, unjust enrichment and unfair competition claims even though the plaintiff had a contract with the defendant that, according to the defendant, covered the musical recordings at issue in the suit.  The Phillips court explained that to "'arise out of' means 'to originate from a specified source,' and generally indicates a causal connection."  Id. (quoting Webster's Third New International Dictionary 117 (1981) and citing Coregis Ins. Co. v. Am. Health Found., Inc., 241 F.3d 123, 128 (2d Cir. 2001)).  The court also indicated that: (1) when ascertaining the applicability of a contractual provision to particular claims, courts must look to "the substance of those claims, shorn of their labels"; (2) the phrase "arise out of" does not encompass all claims that have some possible relationship with the contract, including claims that may only "relate to," be "associated

6

with," or "arise in connection with" the contract; and (3) the mere fact that the resolution of a dispute will arguably depend on the construction of the parties' agreement is insufficient for a claim to "arise under" the agreement. Id. at 388–389, 389.

In concluding that the forum selection clause did not apply to the plaintiff's copyright, unjust enrichment, and unfair competition claims, the court explained that it had to "determine if [the plaintiff's] rights . . . originate from the recording contract." Id. at 390. The plaintiff, however, asserted no rights or duties under the contract and did not rely on the recording contract to establish his ownership of the works at issue. Id. at 390-92. The court explained that the fact that the defendant would raise the contract as a defense to plaintiff's claims was insufficient to bring them within the scope of the forum selection clause. Id. The court also observed that if the plaintiff "were to succeed in persuading the trial court of his interpretation of the recording contract, success on the merits of his copyright claims would leave the recording contract undisturbed." Id. at 391.

## D. Analysis of Plaintiff's NYLL and Fraudulent Inducement Claims

### 1. NYLL

Whether the forum selection clause is interpreted under New Jersey law or according to federal precedent, plaintiff's NYLL claims clearly "aris[e] out of" the Employment Agreement and are, thus, subject to the forum selection clause. A claim under the NYLL for unpaid commissions turns on the content of the parties' agreement concerning what commissions would be paid. See N.Y. Lab. Law § 191-b ("A sales representative during the course of the contract, shall be paid the earned commission and all other monies earned or payable in accordance with the agreed terms of the contract, but not later than five business days after the commission has become earned.") (emphasis added). Similarly, plaintiff's complaint makes clear that, with respect to the expense reimbursements at issue, plaintiff is claiming that defendants are liable because they

7

withheld "contractually promised expense reimbursements from Plaintiff pursuant to NYLL §§ 191-c and 191." (Compl. ¶ 50 (emphasis added).) The specific NYLL claims raised by plaintiff here are dependent on the Employment Agreement and would not exist without that agreement. Moreover, plaintiff's NYLL claim is asserting "rights or duties" under the Employment Agreement that plaintiff can enforce through the NYLL. Phillips, 494 F.3d at 378. Plaintiff's NYLL claim clearly "arise[s] out of" the Employment Agreement, irrespective of which law governs the interpretation of this phrase.

### 2. Fraudulent Inducement

Defendants argue that plaintiff's claim that he was fraudulently induced into entering the Employment Agreement arises out of the Employment Agreement because that claim relies on the existence of the Employment Agreement. (Defs.' Reply Mem. at 2; id. at 3 (arguing that the fraudulent inducement claim is "caused by, and would not exist but for, the Employment Agreement").)

Plaintiff argues that his fraudulent inducement claim is not covered by the forum selection clause because that claim "only 'relate[s] to' the employment agreement as evidence of the alleged violation[]." (Pl.'s Mem. at 3.)

Neither party points to any cases addressing whether, under New Jersey or federal precedent, a claim that alleges that the plaintiff was fraudulently induced to enter a contract "arises out of" that contract.

*i. New Jersey Law*

The Court concludes that, interpreting the forum selection clause under New Jersey law, plaintiff's fraudulent inducement claim "arises out of" the Employment Agreement. In order to prove that he was fraudulently induced into signing the Employment Agreement as he claims,

8

plaintiff must prove the existence of the Employment Agreement. Accordingly, the fraudulent inducement claim "originat[es] from,' 'grow[s] out of' or ha[s] a 'substantial nexus'" with the Employment Agreement. The Court's conclusion that New Jersey courts would interpret "arising out of" to include plaintiff's fraudulent inducement claim is buttressed by McDonald v. Amacore Grp., Inc., No. A-1293-10T2, 2012 WL 2327727, at *2 (N.J. Super. Ct. App. Div. June 20, 2012). In McDonald, where the forum selection clause covered "any claims or disputes arising from the subject matter herein," the court rejected the "plaintiff's contention that the forum selection clause [did] not apply to her fraudulent inducement claim because that claim occurred before the Agreement was executed, and [was] therefore extraneous to the Agreement."[1] Id. (emphasis added).)

Accordingly, the Court finds that the forum selection clause, as it would be interpreted under New Jersey law, covers plaintiff's fraudulent inducement claim.[2] As explained below, the result is the same under the federal precedent cited by plaintiff.

---

[1] Admittedly, the court's brief analysis in McDonald of this argument is focused on the enforceability of the forum selection clause rather than on how the term "arising from" should be interpreted. Cf. Martinez, 740 F.3d at 211 (noting the tendency of courts to "blur the distinction between enforceability and interpretation" when analyzing forum selection clauses). Also, the agreement at issue in McDonald stated that it was governed by Florida law. McDonald, 2012 WL 2327727, at *4. Nevertheless, in interpreting the forum selection clause in the agreement, the McDonald court cited New Jersey decisions and made no reference to Florida case law. Id. at *3–5. The above points notwithstanding, the Court still finds McDonald to be the best evidence of how New Jersey courts would likely construe the "arising out of" forum selection clause at issue here.

[2] Although not directly relevant to the question of how New Jersey courts would interpret the term "arising out of" in a forum selection clause, the Court notes that decisions interpreting similar clauses under New York law have concluded that such clauses encompassed fraudulent inducement claims. See Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A., No. 15-CV-293, 2015 WL 6516787, at *3 (S.D.N.Y. Oct. 28, 2015) (finding that forum selection clause that applied to "all disputes arising" under the contract likely covered fraudulent inducement claim), superseded by, No. 2015 WL 9413881 (S.D.N.Y. Dec. 22, 2015); Montoya v. Cousins Chanos Casino, LLC, 34 Misc. 3d 1211(A), 943 N.Y.S.2d 793 (Sup. Ct. N.Y. Ctr. 2012) (holding that fraudulent inducement claim was covered by forum selection clause that covered "any dispute arising hereunder"); Envirolite Enterprises, Inc. v. Glastechnische Industrie Peter Lisec Gesellschaft M.B.H., 53 B.R. 1007, 1009–10 & 1009 n.1 (S.D.N.Y. 1985) (finding, pre-Phillips, that "arising out of" forum selection clause covered fraudulent inducement claim and stating that the result would be the same under New York law or federal law), aff'd sub nom. Envirolite v. Glastechnische Ind., 788 F.2d 5 (2d Cir. 1986).

*ii. Federal Precedent*

No decisions in the Second Circuit have addressed whether, under the analysis employed in Phillips, a forum selection clause that uses "arising out of" language covers a claim that the plaintiff was fraudulently induced to enter into the agreement containing the clause. Cf. Cheney v. IPD Analytics, LLC, 583 F. Supp. 2d 108, 122, 124 (D.D.C. 2008) (finding that "arises out of" forum selection clause covered fraudulent inducement claim and suggesting that such a conclusion "is consistent with the Second Circuit's observation in Phillips that whether one or another claim 'arises out of' or 'originates' from a contract depends on whether there is a 'causal connection' between the claim and the contract based on rights, duties, or injury flowing from the contract"); In re Optimal U.S. Litig., 813 F. Supp. 2d 351, 363–66 (S.D.N.Y. 2011) (finding, under Phillips, that a forum selection clause applying to "any disputes which may arise from this agreement" did not cover fraud claim where one subset of damages sought by the plaintiff concerned fees that, absent the fraud, the plaintiff would have earned under the contract and stressing that, "without the [contract], [the plaintiff's] claims would be just as tenable").

The Court concludes that, under the interpretation of "arises out of" set forth in Phillips, plaintiff's fraudulent inducement claim would also be covered by the forum selection clause. Again, in order to prove his fraudulent inducement claim, plaintiff must prove the existence of the Employment Agreement—plaintiff does not argue otherwise. Because plaintiff's fraudulent inducement claim depends on the existence of the Employment Agreement, that claim is covered by the forum selection clause. See Phillips, 494 F.3d at 389 ("To 'arise out of' means 'originate from a specified source,' and generally indicates a causal connection."). To the extent that Humpf asserts that an "arising out of" clause can only apply when a plaintiff's claim asserts "rights or duties" under the contract, the Court disagrees—such a reading of Phillips ignores the factual

10

context in which Phillips was decided. Unlike Humpf, the plaintiff in Phillips denied that the contract had "any role or relevance whatever with respect to his copyright claims." Phillips, 494 F.3d at 391. Accordingly, because the plaintiff in Phillips did not assert any rights or duties under the contract and the contract would only be raised as a defense, the plaintiff's claim did not arise out of the contract. Id. at 390–92; see Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A., 572 F.3d 86, 91 (2d Cir. 2009) ("Further, because the contract [in Phillips] was 'only relevant as a defense,' the court could not say that plaintiff's copyright claims "originate from, and therefore 'arise out of' the contract.'" (quoting Phillips, 494 F.3d at 391)). Here, Humpf's fraudulent inducement claim depends on the existence of the Employment Agreement— as such, there is necessarily a causal connection between the Employment Agreement and his claim. Additionally, the court in Phillips observed that if the plaintiff "were to succeed in persuading the trial court of his interpretation of the recording contract, success on the merits of his copyright claims would leave the recording contract undisturbed." Id. By contrast, if Humpf were to prevail on his claim that he was fraudulently induced to enter into the Employment Agreement, the restrictive covenants and other portions of the Employment Agreement would presumably be invalidated.

Accordingly, the Court concludes that, even under the federal precedent cited by plaintiff, his fraudulent inducement claim is covered by the Employment Agreement's forum selection clause.

### III. CONCLUSION

For the reasons stated above, the Court grants defendants' motion to dismiss because the forum selection clause required plaintiff to bring his claims in New Jersey. Although the applicability of the jury trial waiver appears to be intertwined with the applicability of the forum

11

selection clause, because the Court is dismissing this suit, the Court does not reach the jury waiver issue.  Nor does the Court reach defendants' arguments that plaintiff fails to state a fraudulent inducement claim.

The Clerk of Court is directed to close the case.

**ORDERED**

Dated:  September 30, 2017
Central Islip, New York

_____/s/ (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE